# IN THE OREGON TAX COURT

## McCONOUGHEY
*v.*
## DEPARTMENT OF REVENUE
(TC 2279)

Gretchen R. Morris, Corvallis, represented plaintiff.

Marilyn Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision part for plaintiff and part for defendant rendered September 6, 1985.

### CARL N. BYERS, Judge.

Plaintiff appeals defendant's determination of true cash value of a partially completed house plus a well and septic system as of January 1, 1984. Plaintiff alleges that the Benton County Assessor's method of assigning a single fixed value, $4,000, to all well and septic systems in the county, regardless of individual differences, contravened statutory provisions.

Plaintiff presented expert witnesses who testified that the cost of drilling wells varied with the depth and type of

soil and that the cost of installing a septic system varied, depending upon the water table, amount of footage and number of bedrooms.

Plaintiff introduced evidence that the well cost $616.50 in 1979 (Plaintiff's Exhibit 1) and the pump cost $479 (Plaintiff's Exhibit 2). The evidence indicated the cost of the well would be $72 more as of the assessment date in question. Also, the pump had a 10- to 15-year life and, therefore, should be depreciated by one-third ($159.65), resulting in a total value for the well and pump of approximately $1,007.

Plaintiff testified that the cost of the septic system, including permits, was $1,470. He therefore concluded that the total value of the well and septic system was $2,400, not $4,000 as assigned by the defendant.

The defendant's witness testified that the $4,000 figure is based on the average cost of a well and septic system as determined or approved by the county Farm Board of Review. It is apparent from the evidence, however, that the Farm Board of Review possesses no special expertise in establishing the value or costs of wells and septic systems. More to the point, the issue is not the average value of a well and septic system but the actual true cash value of the subject well and septic system.

■     ORS 308.205 defines true cash value as "market value" and states that "[i]f the property has no immediate market value, its true cash value is the amount of money that would justly compensate the owner for loss of the property."

■     This mandate is not being followed when a single fixed value is being applied to wells and septic systems in the face of uncontroverted testimony revealing that costs may vary depending upon certain conditions. Evidence was received that well digging reports are routinely filed with the county; therefore, the county is provided information upon which to individually assess these improvements.

The court accepts the plaintiff's estimates and finds that on January 1, 1984, the well and pump had a value of $1,007 and the septic system had a value of $1,470, for a total true cash value of $2,475 (rounded).

The second issue for determination is the value of plaintiff's partially completed house on January 1, 1984. The

house features a "round" design containing 2,550 square feet. Plaintiff, who, with his wife, has personally performed all the labor in the construction, testified that on January 1, 1984, the foundation, the subfloor, most of the framing and part of the roof had been completed. The plumbing had been "roughed in" but had no vents, fixture supports, or stub outs. Plaintiff had no cost records for the materials used in the house because purchases made over a period of several years had been paid for by cash and he offered no estimate of the value of his and Mrs. McConoughey's labor on the project.

Using the defendant's cost figures and making adjustments for alleged savings in materials, the plaintiff concluded that the subject improvement was worth no more than $9,000 on the assessment date. (Plaintiff's Exhibit 8.)

The defendant's appraiser testified that there were no sales of partially completed houses upon which to base a market approach. Therefore, he used a cost approach to value, concluding that the partially completed house had a true cash value of $14,470 on January 1, 1984. (Defendant's Exhibit A.)

The court questions the use of the Department of Revenue 1981 Cost Factor Book by the county appraiser, rather than the 1983 book, to value the property as of January 1, 1984. In addition, the appraiser adjusted the costs 20 percent up to reflect higher construction costs for the round design of the structure even though the cost factor book allowed a maximum adjustment of 10 percent for design features. However, applying 1983 cost figures, instead of the 1981 factor book employed, and allowing only a 10 percent adjustment for design still results in a total value somewhat higher than the value plaintiff appeals from.

ORS 305.427 places the burden of proof upon the party seeking affirmative relief. Plaintiff has failed to meet the statutory burden. Therefore, the court affirms that value found on the assessment and taxation rolls for the partially completed house of $10,000. Having found a true cash value of the well and septic system of $2,475, the court finds that the true cash value of the contested property on January 1, 1984, was $12,475.

Costs to neither party.